*In re* MARRIAGE OF BEVERLY KAY MORRICAL, Petitioner-Appellee, and ROLLAND STEPHEN MORRICAL, Respondent-Appellant.

Third District No. 3—90—0810

Opinion filed July 23, 1991.

Leonard F. Sacks, of Sacks & Albrecht, of Kankakee, for appellant.

Arthur M. Lerner, of Lerner & Kirchner, of Champaign, for appellee.

JUSTICE HAASE delivered the opinion of the court:

Subsequent to its order dissolving the marriage of the petitioner, Beverly Kay Morrical, and the respondent, Rolland Stephen Morrical, the trial court distributed the parties' property between them. Rolland appeals the property distribution order.

The record shows that the parties were married for almost 24 years. They had two children: Sarah, who was 19 at the time of the proceedings and attending college, and Stephen, who was then 14 and living with Beverly. At the time of the dissolution, Rolland was 51 and Beverly was 50.

Rolland was engaged in several businesses, including real estate ventures with partners. Beverly had been employed as a high school librarian throughout the marriage. In addition, the parties owned a business known as The Fabric Sewing Business.

In the property distribution order, the trial court noted that this was a case where an equal division of the marital property was appropriate. It then itemized the parties' property and placed a value upon each item based upon the evidence presented.

Beverly was awarded the marital residence, the household furniture, the car in her possession, her teacher's retirement plan, and an annuity. Rolland received The Fabric Sewing Business, the building which housed the business, the business furniture, the auto in his possession, the equity in the real estate holdings, the Ameritus fund, the life insurance, the securities, the Woods subdivision bank account, and the cash on hand.

The court also found that Rolland had dissipated $32,000 from the sale of stock, for which he had not accounted. Beverly was entitled to one-half this figure.

In order to divide the property equally, the court determined that Rolland should pay Beverly an equalization payment of $52,935. After reviewing Rolland's motion to reconsider, the court reevaluated Beverly's annuity and reduced the equalization payment to $49,185.

On appeal, Rolland first argues that the trial court abused its discretion in distributing the marital property. Specifically, he complains that the court erred in its valuation of The Fabric Sewing Business.

■■■ The trial court's distribution of the marital property will be disturbed only when it has abused its discretion, which is to say, only when no reasonable person would take the view adopted by the court. (*In re Marriage of Agazim* (1988), 176 Ill. App. 3d 225, 530 N.E.2d 1110.) The date of dissolution is the proper date for valuation of the parties' business. *In re Marriage of Rossi* (1983), 113 Ill. App. 3d 55, 446 N.E.2d 1198.

■■ Here, we find no abuse of discretion in the trial court's determination of the value of The Fabric Sewing Business. Rolland contends that the trial court could only consider the values placed on The Fabric Sewing Business according to Rolland's financial statements closest to the date of the dissolution. However, he cites no authority, nor have we found any, that supports his apparent proposition that the trial court is precluded from considering the value of a business in the years preceding the date of the dissolution. Indeed, the case law indicates the contrary to be true. See *In re Marriage of Rossi* (1983), 113 Ill. App. 3d 55, 446 N.E.2d 1198.

■■ From our review of the record, it appears that the trial court did consider the business values supplied by Rolland's 1986 through 1989 financial statements. Additionally, the court had before it evidence that the business' profits had increased in the last year. Given the range of values submitted to the court, we find a reasonable person could have arrived at the same figure as the court. Indeed, a careful review of the record convinces us that the trial court arrived at a just and equitable valuation of the business based on the evidence submitted.

Rolland next argues that the trial court erred in ordering him to make equalization payments rather than dividing the parties' assets "in kind."

■■ Where marital property is not susceptible to division in kind or such division is inequitable, the spouse receiving the whole may be

subjected to an obligation to make an equalizing cash payment. *In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 426 N.E.2d 1087.

■ Rolland does not suggest how the trial court might have accomplished a just "in kind" division of the parties' property, thereby avoiding equalization payments. However, we note that two of the parties' most valuable assets, The Fabric Sewing Business and the equity in the various real estate ventures, were not susceptible to an equitable "in kind" division. Division of the business would have necessitated an ongoing business association between the parties. This clearly was undesirable given the animosity between the parties and their inability to cooperate with each other. Furthermore, Rolland had various partners in most of the real estate ventures. The difficulty in dividing such an interest is obvious. After a careful review of the record, we cannot say the trial court erred in dividing the parties' property as it did and ordering the equalization payments.

Rolland next argues that the trial court's finding that he dissipated $32,000 worth of marital assets was against the manifest weight of the evidence. He disputes both that dissipation occurred and the amount of any dissipation.

■ "Dissipation" as used in section 503(d)(1) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 503(d)(1)) refers to the use of marital property for the sole benefit of one of the spouses for a purpose unrelated to the marriage at a time that the marriage is undergoing an irreconcilable breakdown. *In re Marriage of O'Neill* (1990), 138 Ill. 2d 487, 563 N.E.2d 494.

■ In the instant case, there was evidence showing that Rolland had sold stocks worth up to $32,000 in 1988 at a time when both he and Beverly admitted that the marriage was undergoing serious problems. While Rolland never gave a satisfactory accounting of what happened to the proceeds from the sale of the stock, he did admit that he gambled with some of the money. Under these circumstances, we find the trial court did not err when it determined that Rolland had dissipated $32,000 of the marital property.

■ Finally, Rolland asserts that the trial court erred in determining the value of the real estate contracts and the Walnut Street property. Specifically, he contends that the court included $18,000 of nonmarital property in determining the value of the real estate contracts. We find, however, that the court specifically stated in deciding his motion to reconsider that it had not included his nonmarital property in calculating the equity value of the real estate. Furthermore, from our review of the record, we find no error in the court's valuation of the real estate contracts.

Regarding the Walnut Street property, we note that Rolland has not included record cites where we can find the indebtedness he asserts the court failed to include in valuing the property. An appellate court is not required to search the record for the purpose of finding error. (*Biehler v. White Metal Rolling & Stamping Corp.* (1975), 30 Ill. App. 3d 435, 333 N.E.2d 716.) We have nonetheless thoroughly searched the record and find no support for Rolland's contention. To the contrary, in his deposition Rolland stated that the value of the property was $50,000 and there was no indebtedness on it. Therefore, the court's $50,000 valuation of the property was supported by the record.

The judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

SLATER and McCUSKEY, JJ., concur.